# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80347-CIV-RYSKAMP/VITUNAC

THOMAS H. SIDES,

        Plaintiffs,

v.

NEAL E. SIMMONS, RODNEY
N. GREEN, FRANK L. HOLMES,
RICHARD E. RODRIGUEZ, and
MONETA CAPITAL
CORPORATION, INC.,

        Defendants.

_____/

## ORDER PARTIALLY GRANTING DEFENDANT'S MOTIONS TO DISMISS

THIS CAUSE comes before the Court upon Defendant Green's Motion to Dismiss **[DE 21]**, filed on July 16, 2007.  Plaintiff responded **[DE 35]** on August 2, 2007.  Defendant Green replied **[DE 36]** on August 6, 2007.  The motion is now fully briefed and ripe for adjudication.

**I.      Introduction**

This is a civil action brought by Plaintiff against Defendants alleging both state and federal causes of action stemming from Plaintiff's investment in securities offered by Defendants. Accordingly, this suit is brought pursuant to this Court's federal question jurisdiction.  Venue is properly with this Court as all of the Defendants reside in the Southern District of Florida.  The following facts are based on Plaintiff's allegations contained in his Complaint **[DE 1]**.

Rodney Green introduced Thomas Sides to Neal Simmons on March 1, 2005 during a meeting to discuss Sides' potential investment in a large development project in the Bahamas called the Lake Heights Development.  Simmons and Green stated that all of the investments in the project

had been made through their corporation, Moneta Corp., and that they were seeking new investors to increase Moneta Corp.'s interest in the Lake Heights project and in a Bahamian company called MREIG.

During that March 1 meeting, Green and Simmons told Sides that the project entailed a 36 acre gated residential housing development overlooking Lake Kilarney.  This project would include 118 single family homes and 68 condominium units.  Green and Simmons told Sides that MREIG already owned the 36 acre site, which had been cleared, infrastructure construction and sales of lots and residences had already started.  Green and Simmons stated that Moneta Corp. sought additional investors to raise money to finalize the project's infrastructure development.  Accordingly, the investment was a "can't miss" for two reasons: first, there is a low supply and high demand for quality housing in the Bahamas; and second, there was already an insurance bond or title insurance on the property and therefore the investor's would be financially protected from loss.  In addition to the above representations, all Defendants created and Green and Simmons provided Sides with a copy of a Moneta Offering Circular.

Plaintiff alleges that the circular contained material misrepresentations such as overstating the investment return, demand for housing, safety and profitability of the project, stating that infrastructure had already been constructed on the project site, and that the investment was secured and approved by the Bahamian government.  Additionally, Plaintiff alleges that theCircular omitted material facts making it misleading such as: failing to list any risk factors relating to the property ownership, failing to disclose any details regarding agreements or contracts entered into pursuant to the project, Moneta Corp. and MREIG's default on several investor's promissory notes, failure to pay vendors, and information regarding how future investments would be used.

Sides claims that he relied on the statements Green and Simmons made at the May 1 meeting and the information presented in the circular. As a consequence, he invested a total of $250,000 in Moneta Corp. before the parties adjourned from the meeting.

Later, Sides received two letters signed by Simmons and dated March 2, 2005. The first letter guaranteed the return of his investment with a minimum return. The second letter guaranteed that Moneta Corp. had been issued title insurance for the project.

Months later, Sides began to have difficultly obtaining progress and financial information on the project from Defendants. In September 2005, Moneta Corp. defaulted on the loan Sides gave to the company as part of his investment. It was after this time that Sides discovered that Moneta Corp. and MREIG never owned the 36 acre site comprising the Lake Heights Development. Upon further investigation, Sides discovered that Defendants knew in late 2004 that they did not own the site and that obtaining title insurance was impossible. In fact, on September 23, 2005, Simmons wrote a letter agreeing that he did not own the site and made a new purchase offer.

Based on the above facts, Plaintiff alleges seven counts against the Defendants alleging violations of: the Securities Act of 1933 (Count I), the Securities and Exchange Act of 1934 Section 10(b) and Rule 10(b)(5) (Count II), the Florida Securities Laws (Count III, against Green only), Fraud (Count IV), Breach of Promissory Note (Count V, against Moneta Corp. only), Information Negligently Supplied to Guide Others (Count VI), Negligent Misrepresentations (Count VII).

**II.     Discussion**

**A.     Standard of Law on Motions to Dismiss**

A court should only grant a motion to dismiss for failure to state a claim "when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief.'" *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  A motion to dismiss merely tests the sufficiency of the complaint; it does not decide the merits of the case.  *See Wein v. American Huts, Inc.*, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004).  In general, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The rules "do not require a claimant to set out in detail the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley*, 355 U.S. at 47.

When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and construe them in the light most favorable to the plaintiff.  *Beck v. Deloitte & Touche et al.*, 144 F.3d 732, 735 (11th Cir. 1998).  As the Eleventh Circuit has noted, "the threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low."  *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) (quotations omitted).  Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.  *See Wein*, 313 F. Supp. 2d at 1359.

Defendant seeks dismissal of Counts I, II, III, IV, VI, VII.  The Court addresses each of these counts, in light of the principles stated above.

### B.      Count I - The Securities Act of 1933

Defendant Green initially argues that this count should be dismissed because Plaintiff failed to allege a specific statutory basis for the claim.  In Plaintiff's response, he indicates that he seeks

4

recovery under Section 12(1) of the Securities Act of 1933.  Although the Complaint does reference activity that would raise a claim under § 12(1), it is not clear without the statutory citation.  Thus, Plaintiff has failed to state a claim.

Green also argues that Plaintiff's damages exceed what is allowed under the statute.  Specifically, Green argues that Plaintiff is not entitled to recover punitive damages and attorney fees.  Section 12(1) states that a prevailing plaintiff can recover the consideration paid for the security with interest.  Any income that the plaintiff may have received from the investment will be deducted from the above recovery.  If the plaintiff no longer owns the security, he can sue for damages.  15 U.S.C. § 77l(1).  This Circuit has held that punitive damages are not available under § 12(1).  *Hill York Corp. v. American Intern. Franchises, Inc.*, 448 F.2d 680, 697 (5th Cir. 1971).  Moreover, it does not appear that attorney's fees are an available remedy under this statute either.  *Straub v. Maisman & Co., Inc*, 540 F.2d 591, 599 (3rd Cir. 1976); *Samaritano & Co., Inc. v. Merill Lynch, Pierce, Fenner & Smith, Inc.*, 110 F.R.D. 52, (D. Puerto Rico 1986).  Since Plaintiff failed to respond to this argument in his response and based on the language of the statute and case law, this Court finds that the statute precludes Plaintiff from recovering punitive damages and attorney's fees under this count.

C.    **Count II - The Securities and Exchange Act of 1934 Section 10(b) and Rule 10(b)(5)**

Section 10(b) of the Securities and Exchange Act of 1934 makes it "unlawful for any person . . . to use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commissioner may prescribe."  15 U.S.C. § 78j (1997).  Pursuant to this authority, Rule 10b-5

makes it unlawful for any person to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstance under which they were made, not misleading."  17 C.F.R. § 240.10b-5 (1997).  The Eleventh Circuit requires a plaintiff alleging securities fraud under Rule 10b-5 to plead (1) a false statement or omission of material fact; (2) made with scienter; (3) upon which the plaintiff justifiably relied; (4) that proximately caused the plaintiff's injury."  *Robbins v. Koger Properties, Inc.,* 116 F.3d 1441, 1446 (11th Cir. 1997).

Allegations of security fraud under § 10(b) and Rule 10b-5 are subject to the heightened pleading standards of Federal Rule of Civil Procedure Rule 9(b).  Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  The purpose of Rule 9(b) is to "ensure that the allegations of fraud are specific enough to provide sufficient notice of the acts complained of" and to "eliminate those complaints filed as a pretext for discovery of unknown wrongs. . . ."  *Anderson v. Transglobe Energy Corp.,* 35 F. Supp.2d 1363, 1369 (M.D. Fla. 1999).  The Eleventh Circuit has cautioned, however, that "Rule 9(b) must not be read to abrogate Rule 8 . . . and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directive of Rule 9(b) with the broader policy of notice pleading."  *Friedlander v. Nims,* 755 F.2d 810, 813 n.3 (11th Cir. 1985).

Generally, in order to survive a Rule 9(b) challenge, the complaint must specify: (1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making it (or, in the case of omissions, not making); (3) the content of such statements and the manner in which they misled

6

the plaintiff; and (4) what the defendants obtained as a consequence of the fraud. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, (11th Cir. 2001) (citing *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1371 (11th Cir. 1997)).

In December 1995, Congress enacted the Private Securities Litigation Reform Act ("PSLRA") which heightens the pleading requirements for Rule 10b-5 claims. The Act goes further than Rule 9(b) by requiring a complaint alleging fraud to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."  15 U.S.C. § 78u-4(b)(1).

First, Green alleges that Plaintiff failed to allege fraud with particularity as required by Rule 9(b) and the PSLRA.  In this regard, Green argues that Plaintiff must have plead the who, what, when, where, and why of each factual allegation.

In the complaint, Plaintiff explained that he attended a March 1, 2005 meeting.  He explained that Green and Simmons attended that meeting, outlined what they said at the meeting and explained what statements were misleading.  Moreover, Plaintiff alleged that both Green and Simmons knew during that meeting that they provided false information.  For example, Plaintiff alleges that during the March 1 meeting, Green and Simons told him that MREIG already owned the land upon which the development was to be built.  He also alleges that as early as late 2004, Defendants were aware that MREIG did not own the property.  Finally, Plaintiff alleges that Green made the misrepresentations intentionally to induce Plaintiff to invest in the project and that it was these representations that caused him to invest in the project.  These allegations are sufficient to meet the statutory requirements for specifically pleading fraud and the requisite mental state.

Green also attacks the relevance of the alleged offering circular because it contains the following disclaimer: "[t]his document is intended strictly for the purpose of providing information on the activities and structure of Moneta . . . This is not intended as a solicitation or prospectus." In making this argument, it appears that Green invokes the "bespeaks caution" doctrine.  This rule states that it is possible for cautionary language in an offering document to negate the materiality of an omission or misrepresentation.  *S.E.C. v. Merchant Capital, LLC*, 483 F.3d 747, 767 (11th Cir. 2007).  This doctrine has been codified in the safe harbor provision of the PSLRA.  15 U.S.C. § 78u-5; *Merchant Capital* at 768 n.18 (*citing*, *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276 (11th Cir. 1999).  This rule protects parties who make projections about an investment where those projections are coupled with specific warning and cautionary statements listing the risks involved.  *Bryant* at 1276 n.7.

The "disclaimer" in this case, however, did nothing to warn anyone of any dangers inherent in the investment.  On the contrary, the "disclaimer" specifically stated that the document was provided "for the purpose of *providing information* on the activities and structure" of the project. (emphasis added).  The only "cautionary" language was in fact designed to protect those distributing the circular.  Accordingly, Plaintiff is correct to rely on the circular as a source of alleged misrepresentations or omissions.

In the reply, Green argues that he never intended to make a "disclaimer" argument, but rather that he argued that the named companies in the circular are not Defendants in this action.  Since the companies named in the circular are different form the corporate defendant, the claim is somehow deficient.  It is inappropriate for this Court to rule on this argument at this time.  Discovery could indicate a link, or lack thereof, between these companies.  Moreover, the offering circular does name

Simmons, in his corporate capacity with Defendant Moneta Capital, as a contract person for investment purposes.  Thus, discovery is proper to inquire into this issue.

Second, Green argues that Plaintiff failed to allege that he conducted due diligence before making the investment and therefore this count should be dismissed.  Plaintiff is correct to note that this is a factual dispute and is therefore improper for this Court to determine at this juncture.

Finally, Green argues that Plaintiff is precluded from an award of punitive damages or attorney's fees.  The statute underlying this cause of action prohibits a damage award in excess of the actual damages.  As such, punitive damages and attorney's fees are not recoverable. *Petrites v. J.C. Bradford & Co.*, 646 F.2d 1033, 1036 (5th Cir. 1981).[1]

### D.     State Law Claims

Green next argues that all of the state law claims must be dismissed based on the same arguments that he raised in connection with Counts I and II.  For the same reasons discussed above, Plaintiff's complaint is sufficient.  The only new claim that Green raises is an argument that Plaintiff's demand for punitive damages and attorney's fees in Count IV is prohibited by Florida Statute § 768.72(1).  This Court does not agree.  First, the statute only discusses a potential award for punitive damages. Second, the statute generally prohibits punitive damages unless there is a reasonable showing of evidence that provides a reasonable basis for the award.  Green failed to explain how this language carte blanche bars recovery of punitive damages and attorney's fees.

### III.     Conclusion

After carefully considering the motion and the pertinent portions of the record,, it is hereby,

ORDERED and ADJUDGED that  Defendant Green's Motion to Dismiss **[DE 21]** is

---

[1]These damages can be recovered, however, under pendent state law claims.

9

**Partially Granted** in the following respects: Count I is dismissed, without prejudice, for failure to provide a statutory basis.  Counts I and II  request punitive damages and attorney's fees which are not recoverable under those legal theories. Plaintiff is directed to amend the complaint as to Counts I and II.  Plaintiff has until September 28, 2007 to file the Amended Complaint.

The Motion is otherwise DENIED.

DONE  AND  ORDERED  in  Chambers  at  West  Palm  Beach,  Florida,  this  18  day  of September, 2007.

_____/s/ Kenneth L. Ryskamp_____
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record

10