# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80347-CIV-RYSKAMP/VITUNAC

THOMAS H. SIDES,

        Plaintiffs,

v.

NEAL E. SIMMONS, RODNEY
N. GREEN, FRANK L. HOLMES,
RICHARD E. RODRIGUEZ, and
MONETA CAPITAL
CORPORATION, INC.,

        Defendants.
_____/

## ORDER PARTIALLY GRANTING DEFENDANT'S MOTIONS TO DISMISS

THIS CAUSE comes before the Court upon Defendant Rodriguez's Motion to Dismiss **[DE 25]**, filed on July 18, 2007.  Plaintiff responded **[DE 38]** on August 6, 2007.  Rodriguez replied **[DE 46]** on August 13, 2007.  The motion is now fully briefed and ripe for adjudication.

## I.      Introduction

This is a civil action brought by Plaintiff against Defendants alleging both state and federal causes of action stemming from Plaintiff's investment in securities offered by Defendants.  Accordingly, this suit is brought pursuant to this Court's federal question jurisdiction.  Venue is properly with this Court as all of the Defendants reside in the Southern District of Florida.  The following facts are based on Plaintiff's allegations contained in his Complaint **[DE 1]**.

Rodney Green introduced Thomas Sides to Neal Simmons on March 1, 2005 during a meeting to discuss Sides' potential investment in a large development project in the Bahamas called the Lake Heights Development.  Simmons and Green stated that all of the investments in the project

had been made through their corporation, Moneta Corp., and that they were seeking new investors to increase Moneta Corp.'s interest in the Lake Heights project and in a Bahamian company called MREIG.

During that March 1 meeting, Green and Simmons told Sides that the project entailed a 36 acre gated residential housing development overlooking Lake Kilarney. This project would include 118 single family homes and 68 condominium units. Green and Simmons told Sides that MREIG already owned the 36 acre site, which had been cleared, infrastructure construction and sales of lots and residences had already started. Green and Simmons stated that Moneta Corp. sought additional investors to raise money to finalize the project's infrastructure development. Accordingly, the investment was a "can't miss" for two reasons: first, there is a low supply and high demand for quality housing in the Bahamas; and second, there was already an insurance bond or title insurance on the property and therefore the investor's would be financially protected from loss. In addition to the above representations, all Defendants created and Green and Simmons provided Sides with a copy of a Moneta Offering Circular.

Plaintiff alleges that the circular contained material misrepresentations such as overstating the investment return, demand for housing, safety and profitability of the project, stating that infrastructure had already been constructed on the project site, and that the investment was secured and approved by the Bahamian government. Additionally, Plaintiff alleges that theCircular omitted material facts making it misleading such as: failing to list any risk factors relating to the property ownership, failing to disclose any details regarding agreements or contracts entered into pursuant to the project, Moneta Corp. and MREIG's default on several investor's promissory notes, failure to pay vendors, and information regarding how future investments would be used.

Sides claims that he relied on the statements Green and Simmons made at the May 1 meeting and the information presented in the circular. As a consequence, he invested a total of $250,000 in Moneta Corp. before the parties adjourned from the meeting.

Later, Sides received two letters signed by Simmons and dated March 2, 2007. The first letter guaranteed the return of his investment with a minimum return. The second letter guaranteed that Moneta Corp. had been issued title insurance for the project.

Months later, Sides began to have difficulty obtaining progress and financial information on the project from Defendants. In September 2005, Moneta Corp. defaulted on the loan Sides gave to the company as part of his investment. It was after this time that Sides discovered that Moneta Corp. and MREIG never owned the 36 acre site comprising the Lake Heights Development. Upon further investigation, Sides discovered that Defendants knew in late 2004 that they did not own the site and that obtaining title insurance was impossible. In fact, on September 23, 2005, Simmons wrote a letter agreeing that he did not own the site and made a new purchase offer.

Specific to Rodriguez, Plaintiff alleges that Rodriguez was an officer or director of Moneta Corp and MREIG before and when Plaintiff made his investment. Plaintiff alleges that Rodriguez prepared, compiled, reviewed and approved the information included in the circular with knowledge or recklessness as to the factual omissions and misrepresentations contained therein. Rodriguez intended to distribute the circular to the public to entice individuals to invest in the project. Specifically, Rodriguez intended that Plaintiff rely on the circular and as such enticed him into investing in the project.

Based on the above facts, Plaintiff alleges seven counts against the Defendants alleging violations of: the Securities Act of 1933 (Count I), the Securities and Exchange Act of 1934 Section

3

10(b) and Rule 10(b)(5) (Count II), the Florida Securities Laws (Count III, against Green only),

Fraud (Count IV), Breach of Promissory Note (Count V, against Moneta Corp. only), Information

Negligently Supplied to Guide Others (Count VI), Negligent Misrepresentations (Count VII).

## II.     Discussion

### A.     Standard of Law on Motions to Dismiss

A court should only grant a motion to dismiss for failure to state a claim "when the movant

demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief.'" *Harper v. Blockbuster Entn't Corp.*, 139 F.3d 1385, 1387 (11th Cir.

1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  A

motion to dismiss merely tests the sufficiency of the complaint; it does not decide the merits of the

case.  *See Wein v. American Huts, Inc.*, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004).  In general, a

complaint need only contain "a short and plain statement of the claim showing that the pleader is

entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The rules "do not require a claimant to set out in detail

the facts upon which he bases his claim.  To the contrary, all the Rules require is 'a short and plain

statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests." *Conley*, 355 U.S. at 47.

When considering a motion to dismiss, the court must accept the well-pled facts in the

complaint as true and construe them in the light most favorable to the plaintiff.  *Beck v. Deloitte &

Touche et al.*, 144 F.3d 732, 735 (11th Cir. 1998).  As the Eleventh Circuit has noted, "the threshold

of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim

is exceedingly low."  *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995)

(quotations omitted).  Nonetheless, to withstand a motion to dismiss, it is axiomatic that the

complaint must allege facts sufficiently setting forth the essential elements of a cause of action. *See Wein*, 313 F. Supp. 2d at 1359.

Defendant seeks dismissal of Counts I, II, IV, VI, VII. The Court addresses each of these counts, in light of the principles stated above.

### B.      Count I - The Securities Act of 1933

Although not raised by Defendant Rodriguez, this Court has ruled that Plaintiff failed to state a claim under this count for failure to state what section of the Securities Act of 1933 under which he alleges a violation. Accordingly, Plaintiff will be required to amend his Complaint to incorporate a proper statutory citation to put all of the Defendants on proper notice.

### C.      Count II - The Securities and Exchange Act of 1934 Section 10(b) and Rule 10(b)(5)

Section 10(b) of the Securities and Exchange Act of 1934 makes it "unlawful for any person . . . to use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [Securities and Exchange] Commissioner may prescribe." 15 U.S.C. § 78j (1997). Pursuant to this authority, Rule 10b-5 makes it unlawful for any person to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstance under which they were made, not misleading." 17 C.F.R. § 240.10b-5 (1997). The Eleventh Circuit requires a plaintiff alleging securities fraud under Rule 10b-5 to plead (1) a false statement or omission of material fact; (2) made with scienter; (3) upon which the plaintiff justifiably relied; (4) that proximately caused the plaintiff's injury." *Robbins v. Koger Properties, Inc.,* 116 F.3d 1441,

1446 (11th Cir. 1997).

Allegations of security fraud under § 10(b) and Rule 10b-5 are subject to the heightened pleading standards of Federal Rule of Civil Procedure Rule 9(b).  Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  The purpose of Rule 9(b) is to "ensure that the allegations of fraud are specific enough to provide sufficient notice of the acts complained of" and to "eliminate those complaints filed as a pretext for discovery of unknown wrongs. . . ."  *Anderson v. Transglobe Energy Corp.,* 35 F. Supp.2d 1363, 1369 (M.D. Fla. 1999).  The Eleventh Circuit has cautioned, however, that "Rule 9(b) must not be read to abrogate Rule 8 . . . and a court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directive of Rule 9(b) with the broader policy of notice pleading."  *Friedlander v. Nims,* 755 F.2d 810, 813 n.3 (11th Cir. 1985).

Generally, in order to survive a Rule 9(b) challenge, the complaint must specify: (1) precisely what statements were made in what documents or oral representations or what omissions were made; (2) the time and place of each such statement and the person responsible for making it (or, in the case of omissions, not making); (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the fraud.  *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, (11th Cir. 2001) (citing *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1371 (11th Cir. 1997)).

In December 1995, Congress enacted the Private Securities Litigation Reform Act ("PSLRA") which heightens the pleading requirements for Rule 10b-5 claims. The Act goes further than Rule 9(b) by requiring a complaint alleging fraud to "specify each statement alleged to have

6

been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."  15 U.S.C. § 78u-4(b)(1).

Rodriguez  initially argues that this count should be dismissed because Plaintiff failed to allege that Rodriguez made a statement.[1]  In order to state a claim, Plaintiff must show not only that Rodriguez made a statement, but that the statement was false.  Plaintiff only raises this claim against Rodriguez through his alleged participation in the circular.  Thus, any of Rodriguez's arguments relating to the March 1 meeting are irrelevant.

In regards to the circular, Rodriguez's entire argument and legal analysis stats that Plaintiff's claims are "insufficient" to prove securities fraud.  In making his argument, Rodriguez never cites any legal authority or factual support for why the claim is "insufficient."  This bare assertion is insufficient to meet Rodriguez's burden of proof for a motion to dismiss.

Second, Rodriguez alleges that Plaintiff failed to allege fraud with particularity as required by Rule 9(b) and the PSLRA.  In this regard, Rodriguez argues that Plaintiff must have plead the who, what, when, where, and why of each factual allegation.

In the complaint, Plaintiff explained that he attended a March 1, 2005 meeting. At that meeting, Green and Simmons provided him with a circular.  He alleges that Rodriguez, as an officer or director of Moneta, prepared, compiled, reviewed and approved the information included in the circular with knowledge or recklessness as to the factual omissions and misrepresentations contained therein.  Rodriguez intended to distribute the circular to the public to entice individuals to invest in

---

[1]Rodriguez made the same arguments to support dismissal of Counts I and II.  Although this Court only analyzed those arguments in relation to Court II, this Court intends that its analysis in Count II apply equally to the arguments as raised in Count I.

the project.  Plaintiff lists 16 specific misstatements and omissions contained in the circular.

Rodriguez first asserts that Plaintiff has impermissibly grouped multiple Defendants into one claim thereby making it impossible to determine which defendant engaged in what conduct in violation of Rule 9(b).  There is an exception called the group pleading doctrine wherein group responsibility is presumed for misstatements or omissions in order to satisfy the Rule 9(b) requirements.  In 2004, the Eleventh Circuit explained that other Circuits have struggled with the application of the group pleading doctrine after enactment of the PSLRA and have reached different results.  *Phillips v. Scientific-Atlanta, Inc.*, 327 F.3d 1015, 1019 (11th Cir. 2004).  Although the Eleventh Circuit may not have determined this issue definitively, many district courts in this Circuit have held that the doctrine does apply post-PSLRA. *In re Miva, Inc. Securities Litigation*, 2007 WL 809686 *5;); *In re Spectrum Brands, Inc. Securities Litigation*, 461 F.Supp.2d 1297, 1306 n.2 (N.D. Ga. 2006); *In re Immucor Inc. Securities Litigation*, 2006 WL 3000133 *8 n.5 (N.D. Ga 2006); *In re Friedman's, Inc. Securities Litigation*, 385 F.Supp.2d 1345, 1363 n.17 (N.D. Ga. 2005).  Thus this Court holds that the group pleading doctrine does apply post PSLRA.

Defendant argues that Plaintiff has failed to allege that Rodriguez had daily control of the operations and therefore has failed to meet the requirements of the group pleading doctrine.  Officers and directors are presumed to have knowledge of and involvement in the day to day activities of a company.  *In re Sensormatic Electronics Corp. Securities Litigation*, 2002 WL 1352427 *4 (S.D. Fla. 2002)(group pleading is allowed to impute ... corporate officers and directors*, who are presumed to have knowledge of and involvement in the day to day affairs of the company*)(emphasis added); *In re PSS World Medical, INC. Securities Litigation*, 250 F.Supp.2d 1335, 1347 (M.D. Fla. 2002)(the group pleading doctrine applies to officers "in the day-to-day management and control of

the company."). Nonetheless, when read carefully, Plaintiff's allegations do not generally attribute the misrepresentations and omissions in the circular to all defendants; rather, Plaintiff has individually alleged preparation, compilation, review, and approval of the circular against each of the Defendants as incorporated by reference into each count.

Accordingly, this Court does not believe that Plaintiff engaged in group pleading. Although the allegations in each count allege activity perpetrated by "defendants," earlier paragraphs, that Plaintiff had incorporated into each count by reference, clearly outline each individual Defendant's alleged activity, when it occurred, and why that activity induced Plaintiff to invest in the project. This information, *in toto*, should provide ample notice to all Defendants. Moreover, simply because multiple defendants are alleged to have committed the same violations in the same way does not mean that combining their acts for efficiency purposes constitutes group pleading.

Since this Court does not believe that Plaintiff has proceeded pursuant to the group pleading doctrine, the only remaining argument that Rodriguez raises in regards to this count is Plaintiff's alleged failure to sufficiently allege scienter. Rodriguez argues that the scienter requirement is met by pleading facts that denote severe recklessness. *Bryant v. Avado Brands, Inc.*, 187 F3d. 1271, 1283 (11th Cir. 1999). Severe recklessness is "an extreme departure from the standards of ordinary care ... presenting a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been awarded of it." *Zuckerman v. Smart Choice Automotive Group, Inc.*, 2000 WL 339096254 (M.D. Fla. 2000). Surely, Plaintiff's allegations that Rodriguez prepared, compiled, reviewed, and approved the circular, which represented that the 36 acres for the project had already been purchased, when Defendants knew in late 2004 that MREIG did not own that property, at the very least constitutes severe recklessness. This is especially true since Plaintiff

specifically alleged that Rodriguez did the above acts with "severe recklessness."

Rodriguez also appears to attack the relevance of the alleged offering circular because it contains the following disclaimer: "[t]his document is intended strictly for the purpose of providing information on the activities and structure of Moneta . . . This is not intended as a solicitation or prospectus."  In making this argument, it appears that Rodriguez invokes the "bespeaks caution" doctrine.  This rule states that it is possible for cautionary language in an offering document to negate the materiality of an omission or misrepresentation.  *S.E.C. v. Merchant Capital, LLC*, 483 F.3d 747, 767 (11th Cir. 2007).  This doctrine has been codified in the safe harbor provision of the PSLRA.  15 U.S.C. § 78u-5; *Merchant Capital* at 768 n.18 (*citing*, *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276 (11th Cir. 1999).  This rule protects parties who make projections about an investment where those projections are coupled with specific warning and cautionary statements listing the risks involved.  *Bryant* at 1276 n.7.

The "disclaimer" in this case, however, did nothing to warn anyone of any dangers inherent in the investment.  On the contrary, the "disclaimer" specifically stated that the document was provided "for the purpose of *providing information* on the activities and structure" of the project. (emphasis added).  The only "cautionary" language was in fact designed to protect those distributing the circular.  Accordingly, Plaintiff is correct to rely on the circular as a source of alleged misrepresentations or omissions.

**D.     State Law Claims**

Rodriguez finally argues that Plaintiff's fraud claim should be dismissed because Florida law requires a plaintiff to plead actual knowledge.  In paragraph 26 of the complaint, Plaintiff alleges that Rodriguez acted "with knowledge." Plaintiff incorporated this paragraph by reference into count

IV. Thus, by Rodriguez's own recitation of the law, Plaintiff has stated a claim.

**III.   Conclusion**

After carefully considering the motion and the pertinent portions of the record,, it is hereby,

ORDERED and ADJUDGED that  Defendant Rodriguez's Motion to Dismiss **[DE 25]** is

**Partially Granted** in the following respects: Count I is dismissed, without prejudice, for failure to

provide a statutory basis.  Plaintiff is directed to amend the complaint as to Count I.  Plaintiff has

until September 28, 2007 to file the Amended Complaint.

The Motion is otherwise **DENIED**.

DONE  AND  ORDERED  in  Chambers  at  West  Palm  Beach,  Florida,  this  24  day  of

September, 2007.

_____/s/ Kenneth L. Ryskamp_____
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record

11